**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Northern Division*

|  |  |  |
|---|---|---|
| **JUSTIN TRAVIS PENNINGTON,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-11-3243 |
| **STATE OF MARYLAND,** *et al.*, | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Plaintiff Justin Pennington's Motion for Preliminary Injunction, ECF No. 27; Plaintiff's Memorandum in Support of Motion for Preliminary Injunction, ECF No. 28; Plaintiff's Motion to Seal Memorandum in Support of Motion for Preliminary Injunction, ECF No. 26; Defendant State of Maryland's Opposition, ECF No. 30; and Defendants Barry A. Janney, Lawrence Meusel, and Michael Cunningham's Opposition, ECF No. 31.[1]  Plaintiff's Motion to Seal is GRANTED, for the reasons stated on the record during the hearing held on October 2, 2012, as unopposed.  The State of Maryland's oral Motion to Seal its Opposition and the accompany affidavit, ECF No. 30-1, also is GRANTED for the reasons stated during the hearing.

For the reasons stated on the record during the hearing held on October 2, 2012 and incorporated herein by reference, Plaintiff's Motion for Preliminary Injunction is granted to the

---

[1] Judge Bennett referred this case to me, by consent of the parties, pursuant to 18 U.S.C. § 636(c).  *See* ECF Nos. 6, 15, 23, 32–35.

limited extent that it was consented to by Defendants, and denied otherwise. This order disposes of ECF Nos. 26, 27, 28, 30, and 31.

By way of background, Plaintiff was convicted of possession of child pornography with intent to view, 18 U.S.C. § 2252A(a)(5)(B), a felony, and sentenced on February 3, 2006. *See* Judgment, ECF No. 8, in *United States v. Pennington*, Case No. RDB-05-437. The Court sentenced Plaintiff to twenty-nine months imprisonment, followed by thirty-six months supervised release. Am. Compl. 4, ECF No. 14; *see* Docket Sheet in *Pennington*, Case No. RDB-05-437. According to Plaintiff, "[a]t the time of sentencing as well as the time of Plaintiff's release from prison, Maryland law did not require the Plaintiff to register" with the Maryland State Sex Offender Registry ("MSOR").[2] Am. Compl. 4. Rather, Plaintiff maintains that "Maryland law only allowed a Federal Felon to register if order[ed] by a Federal Judge for a sex crime conviction that was a felony in the state of Maryland," and "Possession of Child Pornography was a misdemeanor," not a felony, in Maryland. *Id*. at 22. The Conditions of Supervised Release in the Judgment provided that Mr. Pennington "shall register with any federal, state, and/or local sex offender registration agency in any location where [Mr. Pennington] resides, is employed, carries on a vocation, or is a student, as directed by the probation officer." Judgment 4 in *Pennington*, Case No. RDB-05-437. Plaintiff claims that "the US Probation Office ordered Plaintiff to register with the State Sex Offender Registry," but, now that Plaintiff successfully has completed his thirty-six months of supervised release, he "no longer is being order[ed] by his probation officer to register." Am. Compl. 4. Plaintiff insists that his registration during his period of supervised release was "in violation of State law," and

---

[2] The MSOR is established under the Maryland Sex Offender Registration Statute, Md. Code Ann., Crim. Proc. §§ 11-701 – 11-727 ("MSOR Statute"). *See* Crim. Proc. § 11-713(2) ("The Department . . . shall keep a central registry of registrants and a listing of juvenile sex offenders.").

that "[e]ven if his probation officer was legally allow[ed] to order Plaintiff to register, once his probation period was over, Plaintiff would have no longer been required to register." *Id*. at 22.

Plaintiff filed a twenty-seven page complaint under 42 U.S.C. § 1983. Plaintiff does not adhere to Fed. R. Civ. P. 9(b)'s requirement that claims be stated in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." However, Rule 8(e) requires the Court to construe a pleading "so as to do justice." Fed. R. Civ. P. 8(e). Thus, as best this Court can determine, Plaintiff claims that the Maryland Sex Offender Registration Statute, Md. Code Ann., Crim. Proc. §§ 11-701 – 11-727 ("MSOR Statute"), violates his rights to Freedom of Speech, Assembly, Association, and Religion under the First Amendment; his rights to Due Process and against Double Jeopardy and Self-Incrimination under the Fifth Amendment; the Equal Protection Clause of the Fourteenth Amendment; and the Ex Post Facto Clause, Bill of Attainder Clause, and the Privileges and Immunities Clause of the U.S. Constitution. Am. Compl. 4–26.

Plaintiff moved for a preliminary injunction pursuant to Fed. R. Civ. P. 65 on September 24, 2012, seeking "a preliminary injunction against the enforcement of the Maryland State Sex Offender Registry against plaintiff." Pl.'s Mot. 1. Specifically, he does not want to have to re-register with the MSOR on October 11, 2012, which would require him to appear in person before Defendant Detective Michael Cunningham at the Cecil County Sheriff's Department, and which he argues would infringe on his Fifth Amendment right against self-incrimination. *Id*. at 2.

The Court will grant a preliminary injunction if the plaintiff "establish[es] that [1] he is likely to succeed on the merits, [2] he is likely to suffer irreparable harm in the absence of preliminary relief, [3] the balance of equities tips in his favor, and [4] an injunction is in the

public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) (same). To evaluate these factors, I held a hearing on October 2, 2012. At the hearing, and Plaintiff clarified the narrow scope of his motion: He seeks an injunction declaring that he is not required to provide past internet identifiers that he has not provided already to Detective Cunningham, or otherwise when he made his past MSOR disclosures, as required by Crim. Proc. § 11-706(a)(7),[3] when he re-registers on October 11, 2012. In all other respects he does not object to re-registering and complying with the MSOR Statute. As his motion states and as he confirmed at the hearing, the grounds for his motion are that, in his view, providing his past internet identifiers (as opposed to his current ones, which he does not object to providing) would violate his Fifth Amendment rights against self-incrimination, as applicable to Defendants through the Fourteenth Amendment. At the hearing, Defendants consented to the limited relief Plaintiff seeks during the pendency of this lawsuit, reserving the right to file a motion to quash.

At the hearing, Elizabeth Bartholomew, Manager of the MSOR, testified on behalf of the State. Consistent with her affidavit, ECF No. 30-1, Ms. Bartholomew testified that internet identifiers are not released to the public and only are available to law enforcement personnel for investigative purposes. *See* Bartholomew Aff. ¶ 6. More significantly, she testified that "the only reason" law enforcement personnel would access a sex offender's registration information, such as internet identifiers, would be for an ongoing or new investigation. Additionally, Ms. Bartholomew testified that "there are both federal and state penalties" for disclosure or use of

---

[3] Crim. Proc. § 11-706(a)(7) provides that a sex offender's registration statement must include "a list of any aliases, . . . electronic mail addresses, computer log-in or screen names or identities, instant-messaging identities, and electronic chat room identities that the registrant has used."

Plaintiff's internet identifiers, except for the purposes she identified as appropriate, by persons who have access to Plaintiff's MSOR disclosures.

In his oral argument, Mr. Pennington complained that he had provided one email address to Defendant Detective Cunningham in his official capacity with the Megan's Law[4] Unit at the Cecil County Sheriff's Office, but that it wrongly was not added to those internet identifiers listed on the MSOR. Mr. Pennington also said that he has turned over his current, active internet identifiers. However, he admitted that he has not turned over past internet identifiers that he fears incriminate him for past cybercrime. Mr. Pennington also argued that disclosing these past internet identifiers would violate certain unspecified agreements that he asserts he has entered into with the federal government.[5] He also expressed interest in having pro bono counsel appointed for him.

After hearing from Mr. Pennington, Counsel for Defendants agreed to the entry of this limited preliminary injunction by consent, pertaining only to those past internet identifiers that Mr. Pennington has not disclosed previously to Defendant Detective Cunningham or to the MSOR, during the pendency of this litigation, but subject to Defendants' ability to move to quash the injunction at a later time.

Plaintiff's Motion for a Preliminary Injunction is DENIED insofar as Plaintiff sought in his written motion to be precluded from re-registering with the MSOR on October 11, 2012, and GRANTED only insofar as the Court hereby orders as a limited, temporary consent preliminary

---

[4] Megan's Law is a common title for state sex offender registries. *See* Wayne A. Logan, *Liberty Interests in the Preventive State: Procedural Due Process and Sex Offender Community Notification Laws*, 89 *J. Crim. L. & Criminology* 1167, 1172–74 (1999).

[5] The portion of the hearing addressing these agreements was sealed and will not be discussed herein. However, an Assistant United States Attorney attended the hearing at the Court's request and will provide additional information to the parties and the Court relevant to Mr. Pennington's contention that he has entered into agreements with the federal government.

injunction with regard to those past internet identifiers that Plaintiff has not disclosed previously to Defendant Detective Cunningham or to the MSOR.  Specifically, it is ORDERED that

1. Plaintiff must re-register with the MSOR on October 11, 2012, and provide all information required by the MSOR Statute not specifically exempted by this Order;

2. Plaintiff is not required to disclose those past internet identifiers not previously disclosed to Defendant Detective Cunningham or to the MSOR when he re-registers with the MSOR on October 11, 2012; and

3. Plaintiff must comply with the MSOR Statute in all other respects when he re-registers with the MSOR on October 11, 2012.

This preliminary injunction is in effect subject to Defendants' ability to move to quash.

An order appointing pro bono counsel for Plaintiff will follow.


Dated: October 4, 2012                          /S/
                                        Paul W. Grimm
                                        United States Magistrate Judge


lyb